**FILED**

**May 16, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 2:06 PM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | |
|---|---|
| Noe Jimenez Morales,<br>    Employee,<br>v.<br>Mirage Construction,<br>    Uninsured Employer,<br>And<br>Rite Rug Flooring/The Hartford,<br>    Employer/Carrier,<br>And<br>NVR, Inc./New Hampshire Ins. Co.,<br>    Employer/Carrier. | Docket No. 2016-08-0944<br><br>State File No. 79028-2015<br><br>Judge Kenneth M. Switzer |

## COMPENSATION HEARING ORDER GRANTING NVR'S MOTION FOR SUMMARY JUDGMENT

This matter came before the Court on May 15, 2017, upon NVR's Motion for Summary Judgment. None of the other parties filed opposition to the motion or appeared at the hearing, and Counsel for NVR represented to the Court that at the recent, ongoing depositions, all opposing Counsel indicated they do not oppose NVR's motion. For the reasons set forth below, the Court holds there is no genuine issue of material fact and NVR is entitled to judgment as a matter of law dismissing Mr. Jimenez Morales' claims against it and its carrier.

*History of Claim*

Mr. Jimenez Morales filed a Petition for Benefit Determination seeking workers' compensation benefits for alleged injuries to his left shoulder, right hip and leg sustained on August 12, 2015. NVR's motion revolves around the relationships among the various parties in the case and which party held workers' compensation coverage on the alleged date of injury.

1

According to its statement of facts, NVR is the general contractor. It entered into a "Master Vendor Agreement" with Rite Rug in 2011 to provide materials and services in connection with NVR's homebuilding and other operations. The agreement required Rite Rug as the vendor to maintain workers' compensation insurance. A "Certificate of Liability Insurance" provides that Rite Rug obtained coverage for the timeframe during which Mr. Jimenez Morales allegedly became injured.

Rite Rug's Responses to NVR's Request for Admissions indicate that Rite Rug admitted it hired Mirage Construction as a subcontractor for the jobsite where Mr. Jimenez Morales allegedly suffered his work injury. Rite Rug further admitted there was no agreement in place between it and NVR extending NVR's insurance coverage to Mirage. Mirage, in turn, admitted it employed Mr. Jimenez Morales on the alleged date of injury, but denied having a valid workers' compensation insurance policy on that date.

*Analysis*

Motions for summary judgment are governed by Tennessee Code Annotated section 20-16-101 (2016) and Tennessee Rule of Civil Procedure 56. Rule 56.03 requires that a motion for summary judgment "be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." Rule 56.06 additionally states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but his or her response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. *If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.*

(Emphasis added). The Court of Workers' Compensation Claims Practices and Procedures Rule 4.01B states with regard to dispositive motions that, "If no opposition is filed, the dispositive motion will be considered unopposed." Further, the Court of Appeals affirmed a trial court's grant of summary judgment where the non-moving party failed to file a response. *Williams v. Little,* No. M2008-02105-COA-R3-CV, 2009 Tenn. App. LEXIS 703, at *6 (Tenn. Ct. App. Oct. 20, 2009). Here, none of the other parties opposed NVR's motion. However, per Rule 56, the Court must nonetheless determine if summary judgment is appropriate.

To make this determination, aside from Rule 56, in 2011, the Court must also consider the burden of proof applicable to a motion for summary judgment filed by a party who does not bear the burden of proof at trial:

2

In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:

> (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or

> (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101 (2016); *Payne v. D and D Elec.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 21, at *7-8 (May 4, 2016). If NVR, as the moving party, satisfies its burden, then the remaining, nonmoving parties must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in [their] favor[.]" *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 265 (Tenn. 2015).

NVR relies on Tennessee Code Annotated section 50-6-113(a) (2016), which provides that a "principal contractor, intermediate contractor or subcontractor shall be liable for compensation to any employee injured while in the employ of any of the subcontractors of the principal contractor, intermediate contractor or subcontractor and engaged upon the subject matter of the contract to the same extent as the immediate employer." Further, "Every claim for compensation under this section shall be in the first instance presented to and instituted against the immediate employer[.]" *Id.* at § 50-6-113(c).

In *Murray v. Goodyear Tire & Rubber Co.,* the Supreme Court explained the policy underpinning the statutory employer provision as follows:

> In essence, the Act creates "statutory employers" in situations where injured workers are unable to recover compensation from their immediate employers. The purpose of this provision is to protect employees of irresponsible and uninsured subcontractors by imposing ultimate liability on the presumably responsible principal contractor, who has it within his power, in choosing subcontractors, to pass upon their responsibility and insist upon appropriate compensation for their workers. Moreover, the statute prevents principal contractors from contracting out work to prevent liability by giving the claimant the right to recover from the principal contractor as a statutory employer if the immediate employer cannot pay.

46 S.W.3d 171, 175 (Tenn. 2001)(Internal citations omitted).

3

Here, it is undisputed that: Mirage employed Mr. Jimenez Morales; Mirage is uninsured; and Rite Rug engaged Mirage as a subcontractor. Mr. Jimenez Morales may first look to the immediate employer, Mirage, to seek recovery. Mirage is uninsured. Mr. Morales next looks to Rite Rug. Rite Rug admits it hired Mirage as a subcontractor and admits that it (Rite Rug) has workers' compensation coverage. Mr. Morales need not look higher up the chain to the general contractor. The Court finds summary judgment is appropriate.

IT IS, THEREFORE, ORDERED AS FOLLOWS:

1. NVR's motion for summary judgment is granted and NVR and its carrier are dismissed with prejudice from this action.

2. The matter is set for a status conference on **June 5, 2017, at 1:45 p.m. Central Time.** The hearing will take place via telephone with **Judge Kenneth M. Switzer. You must dial 615-532-9552 or 866-943-0025 toll-free to participate.**

**ENTERED this the 16th day of May, 2017.**

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

4

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on this the 16th day of May, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Zachary Wiley, Employee's attorney | | | X | zwiley@forthepeople.com |
| Nathan Colburn, attorney for Mirage | | | X | colburnlaw@gmail.com |
| Tamara Gauldin, attorney for Rite Rug/The Hartford | | | X | Tamara.gauldin@thehartford.com |
| Stephanie Rockwell, Alex Adkins, attorneys for NRV/New Hampshire Ins. Co. | | | X | Stephanie@speed-seta.com; alex@spedd-seta.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

5